# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRBY DORIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4138** |
| **JUDGE LINDA VAN DAVIS, ET AL.** | **SECTION: "J" (4)** |

## REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

## I. Complaint

The plaintiff, Kirby Doris ("Doris"), a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal District Court Judge Lynda Van Davis,[1] the judge presiding over his state criminal proceeding, and Mill Jones ("Jones"), who apparently is his co-defendant in that proceeding. In the complaint, Doris alleges that Judge Van Davis failed to do her job, because she did not arrest Jones for lying under oath. In the

---

[1] In the complaint, Doris incorrectly refers to the defendant as "Linda Van Davis."

complaint, Doris includes no specific request for relief; rather, he asks only that the alleged constitutional violation be dealt with according "to the law & by the letter."[2]  However, Doris subsequently amended the complaint to include a request for monetary damages.

## II. <u>Standard of Review</u>

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).[3]

A district court is given broad discretion in determining whether a complaint is frivolous. *Macias v. Raul A. (Unknown) Badge No.* 153, 23 F.3d 94, 97 (5th Cir. 1994).  Further, in making that determination, the court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias*, 23 F.3d at 97.  Accordingly, Doris's complaint must be dismissed as frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d

---

[2] Rec. Doc. 1, p. 4. Out of an abundance of caution, the Court notes that Doris has additionally filed into the record an untitled document in which he apparently references other unrelated additional claims concerning the conditions of his confinement.  Rec. Doc. 13.  However, that filing is inappropriate for at least two reasons.  First, it is unsigned and therefore technically deficient.  Second, Doris names no defendant with respect to those claims, and Judge Van Davis and Jones are clearly inappropriate defendants as to the claims.  Therefore, Doris has not properly amended his complaint to add the additional unrelated claims and so they will not be addressed in this opinion. Moreover, if Doris wishes to pursue the unrelated claims regarding the conditions of his confinement, he should not do so in this proceeding.  Rather, it would be more appropriate for him to file a separate lawsuit against the proper defendants.

[3] As used in § 1915A, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

174, 176 (5th Cir. 1994).

As noted, a complaint is also subject to being dismissed *sua sponte* if it fails to state a claim on which relief may be granted. Therefore, Doris's complaint must be dismissed on that basis if he fails to "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), *cert. denied*, 128 S. Ct. 1230 and 1231 (2008).

Although broadly construing Doris's complaint,[4] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and for seeking monetary relief from a defendant who is immune from such relief.

## III. Analysis

### A. Judge Lynda Van Davis

To the extent that Doris is seeking to recover monetary damages from Judge Van Davis, that form of relief simply is not available in this federal civil rights action.

As to any claims for damages against Judge Van Davis in her official capacity, such claims are barred. A judgment against Judge Van Davis in her official capacity would be satisfied out of the state treasury. La.Rev.Stat.Ann. § 13:5108.1. Therefore, any official-capacity claims against her are in reality claims against the state itself, and, therefore, are barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see also*

---

[4] The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

*Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

As to any claims for damages against Judge Van Davis in her individual capacity, it is well established that absolute judicial immunity protects a judge from all such claims based on her judicial functions, so long as she did not act in clear absence of all jurisdiction:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in complete absence of all jurisdiction.

*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); *see also Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990).

In the instant case, the claims against Judge Van Davis are based on actions she took in Doris's state criminal proceedings. Because there is no question that Judge Van Davis had jurisdiction over Doris's criminal case and that the challenged actions were performed in the exercise of her judicial functions, she is entitled to absolute immunity with respect to any claims against her in her individual capacity for monetary damages.

Further, to the extent that Doris is seeking injunctive relief against Judge Van Davis, that form of relief is likewise unavailable in this proceeding. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be

granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; *Guerin v. Higgins*, 8 Fed. App'x 31 (2nd Cir. 2001); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp. 2d 204, 210 (D. Mass.), *aff'd*, 248 F.3d 1127 (1st Cir. 2000). Moreover, even prior to that amendment, the United States Supreme Court held that federal courts generally should not intervene in the manner in which state judicial officers conduct criminal proceedings. The Supreme Court noted:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." *Id.*, at 46, 91 S.Ct., at 751.

*O'Shea v. Littleton*, 414 U.S. 488, 499 (1974). A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances. *See id.* at 502.

Lastly, in any event, Doris's underlying claim has no merit. In this lawsuit, Doris contends that his rights were violated when Judge Van Davis failed to have Jones arrested for lying under oath. However, a private individual has no constitutional right to have another person arrested and criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *see also Autrey v. Mississippi*, No. 02-60889, 2003 WL 21016025 (5th Cir. Apr. 8, 2003); *Tobias v. Brown*, No. 95-40379, 1995 WL 581557 (5th Cir. Aug. 24, 1995); *Pendergrass v. City of McAllen*, No. 94-60573,

5

1995 WL 295859, at *1 (5th Cir. Apr. 17, 1995); *Granger v. Dukes*, Civ. Action No. 07-3229, 2007 WL 2177788, at *2 (E.D. La. July 30, 2007).

**B.     Mill Jones**

In the complaint, Doris also names as a Defendant Mill Jones, who apparently is the co-defendant who allegedly lied in the state criminal proceeding. Doris does not set forth any further allegations against Jones, and any claim for perjury is not actionable in this federal civil rights action, because Jones is not a state actor.

Doris brought this lawsuit pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) *that the deprivation was caused by a person or persons acting under color of state law.*

*Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted) (emphasis added). Doris has not alleged that Jones, who is simply a private individual charged with a crime, was acting under color of law when he testified against Doris, his co-defendant. Moreover, even if there had been such an allegation, it would have no merit because "[i]t is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'" *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983).[5]

---

[5]The Court recognizes that, in some circumstances, a private individual can be liable under § 1983 if he has engaged in a conspiracy with state actors. *See Mills v. Criminal District Court #3*, 837 F.2d 677, 679 (5th Cir. 1988). However, Doris makes no allegation of such a conspiracy in this case. Further, even if he had made such an allegation, the claim against Jones would still fail. "[W]itnesses are entitled to absolute immunity against § 1983 suits based on their testimony in a criminal trial" and that "absolute witness immunity bars § 1983 suits for conspiracy to commit perjury." *Mowbray v. Cameron County, Texas*, 274 F.3d 269, 277-78 (5th Cir. 2001).

6

**IV.  Recommendation**

It is therefore **RECOMMENDED** that Kirby Doris's claim against Judge Lynda Van Davis in her official capacity be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment.

It is **FURTHER RECOMMENDED** that Doris's claims against Judge Lynda Van Davis in her individual capacity and against Mill Jones be **DISMISSED WITH PREJUDICE** as frivolous, for failing state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the Proposed Findings, Conclusions, and Recommendation in a Magistrate Judge's Report and Recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Unobjected-to Proposed Factual Findings and Legal Conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22nd day of January, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**